UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FORD STEWART,<br>Plaintiff,<br>v.<br>SCREEN GEMS-EMI MUSIC, INC., et al.,<br>Defendants. | Case No. 14-cv-04805-JSC<br><br>**ORDER RE: ADMINISTRATIVE RELIEF MOTION**<br>Re: Dkt. No. 19 |

In this action against Defendants Screen Gems-EMI Music, Inc. ("SG-EMI"), EMI Ltd. ("EMI"), EMINA, and a number of Doe defendants (together "Defendants"), Plaintiff Stephanie Ford Stewart ("Plaintiff") alleges that Defendants wrongfully withheld publishing royalties to the song "Daydream Believer," which Plaintiff's late husband, John Stewart ("Stewart"), wrote. (*See* Dkt. No. 1-1.) The claim arises out of a 1967 songwriter's agreement between Stewart and the predecessor-in-interest of SG-EMI. (*See id.* ¶¶ 18 & Ex. A.) Presently before the Court is Plaintiff's motion for administrative relief under Civil Local Rule 7-11 for an order directing Defendants to file a revised Disclosure of Non-Party Interested Entities or Persons ("Corporate Disclosure") in compliance with Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. (Dkt. No. 19.) Defendants oppose the motion, contending that the Corporate Disclosure they already filed complies with the applicable rules and that Plaintiff's administrative motion is mere pretext for obtaining otherwise irrelevant discovery about Defendants' parent corporations. (Dkt. No. 24.) As Defendants have neither complied with Federal Rule of Civil Procedure 7.1 nor Civil Local Rule 3.15, Plaintiff's motion is granted.

## DISCUSSION

Federal Rule of Civil Procedure 7.1 provides, in relevant part, that a corporate party must

file a disclosure statement that "(1) identifies any parent corporation *and* any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." The Civil Local Rules in the Northern District of California, in turn, require corporate parties to "disclose any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Civ. L.R. 3-15(b)(1). This Local Rule is designed to provide sufficient information for the presiding judge to make an informed determination regarding disqualification or recusal. *See* Civ. L.R. 3-15(a); *see also, e.g.*, *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, at *3 (D. Nev. Nov. 4, 2014) (noting that the purpose of Rule 7.1 is to "enabl[e] the court to determine whether a conflict of interest exists").

Defendants' Corporate Disclosure states in full:

> Pursuant to Civil Local Rule 3-15 and Federal Rules of Civil Procedure, Rule 7.1, the undersigned certifies that the Defendants are all partially owned, indirect subsidiaries of Sony Corporation, a publicly-traded company organized under the laws of Japan. No publicly traded company other than Sony Corporation owns more than 10% of their stock.

(Dkt. No. 3.) Plaintiff contends that this Corporate Disclosure is inadequate because it fails to disclose the Defendants' parent corporations or other corporations with a financial interest in Defendants. (Dkt. No. 19 at 3.) To support the existence of relevant parent corporations or otherwise interested entities, Plaintiff attaches emails from defense counsel that indicate defense counsel's position that Defendant SG-EMI "is wholly owned by another corporation. In turn, that corporation is wholly owned by another corporation, and that chain of ownership continues for several levels." (Dkt. No. 19-4 at 3.) The email continues on to note that Defendants had disclosed "the only publicly held corporation that owns more than a 10% interest in all of the more than one hundred music publishing companies that collectively comprise the EMI music publishing business[,]" and that other entities have only a "negligible financial interest in the outcome of this case" and therefore neither the federal nor the local rule requires their disclosure.

2

(*Id.* at 3-4.)

Plaintiff argues that Defendants' Disclosure Statement falls short because, although it disclosed the publicly held corporation owning 10% or more of its stock, it fails to disclose the parent corporations. (*Id.* at 4.) Thus, Plaintiff seeks an order directing Defendants to disclose all parent corporations and other corporations with a financial interest in Defendants. (*Id.*) Defendants, for their part, malign Plaintiff's purported effort to use Federal Rule 7.1 and Civil Local Rule 3-15, which they characterize as "procedural requirements designed for the Court's edification," as "swords to get the information he so ardently desires" through discovery. (Dkt. No. 24 at 4.) Defendants recount Plaintiff's earlier efforts to seek information about Defendants' parent corporations through jurisdictional discovery or informal means, and argue that a Corporate Disclosure is a similarly inappropriate vehicle to obtain this information. (*Id.*) Without responding to Plaintiff's argument about the disjunctive nature of the Federal Rule—*i.e.*, its requirement of mandatory disclosure of parent corporations aside from publicly held corporations owning more than 10% of stock—Defendants focus on the Local Rule's emphasis on companies with a financial interest in the case, and contend that "[t]here is no company other than SG-EMI that has any financial interest in this case." (*Id.* at 5.)

A plain reading of the Federal Rule results in a simple directive: disclose "any parent corporation." Fed. R. Civ. P. 7.1(a)(1). If there is no parent corporation, then the disclosure shall so state. *Id.* 7.1(a)(2). As Defendants' disclosure neither identifies a parent corporation nor states that there is no such parent corporation it does not comply with Rule 7.1. Civil Local Rule 3-15 is also clear: the disclosure must identify other entities that have "a financial interest (of any kind) . . . in a party to the proceeding." N.D. Cal. Civ. L.R. 3-15 (b)(1). Defendants admit that they did not do so.

While Plaintiff may be seeking to require Defendants to file a revised Disclosure Statement for reasons other than permitting this Court to determine if disqualification is required, a defendant does not have the discretion to decide whether to comply with Rule 7.1 and the Local Rule. The language of the Rules is mandatory. If a defendant could decide for itself whether to comply then the purpose of the Rules would be lost. *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2008

3

WL 4408001, *1 (N.D. Cal. Sept. 26, 2008), is not to the contrary. There the court held that the local rule did not require the disclosure urged by the defendants. Moreover, the question was not whether the plaintiff should have to comply with the local rule but, rather, whether plaintiff's counsel should be disqualified for failing to do so. All that is sought here is to require Defendants to comply with the same Rules with which every litigant that appears in the Northern District of California has to comply. As there is no good reason for creating an exception here, Plaintiff's Administrative Motion is granted.

## CONCLUSION

For the reasons explained above, Defendants shall file a Disclosure Statement that complies with Federal Rules of Civil Procedure 7.1 and Civil Local Rule 3-15 on or before January 21, 2015.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED**.

Dated: January 13, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4